IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KIMBRELL,<br>    Plaintiff,<br><br>v.<br><br>POIPU HOLDINGS, LLC, et al,<br>    Defendant. | Case No. 1:25-cv-01147-JEH-RLH |

**Order**

Now before the Court is the Plaintiff's Motion to Rescind her filing prohibition (D. 37).[1] For the reasons set forth *infra*, the Plaintiff's Motion is denied.

**I**

Plaintiff, *pro se*, commenced this action in the Central District of California on January 12, 2025. (D. 1). On April 15, 2025, this case was transferred from the Central District of California to the Central District of Illinois. (D. 30). On June 11, 2025, with the case now proceeding in the Central District of Illinois, the Court noted that the Plaintiff was barred "from filing further civil suits in this District" in accordance with an Order from another case that barred the Plaintiff from further filings until certain conditions were met. *See* 06/11/2025 Text Order (citing *Kimbrell v. Hous. & Urb. Dev.*, No. 22-cv-1401, (C.D. Ill. Feb. 10, 2023). In *Kimbrell*, the Court stated that "any papers [Plaintiff] submits, with the exception of filings that protect her from imprisonment or other confinement, will be returned unfiled until she has paid all outstanding fees in her civil cases filed with this District and the full amount of monetary sanctions, or until two years from the date of this

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

Order, whichever comes first. Upon the occurrence of either event, she may file a motion to modify or rescind the prohibition on filing." *Kimbrell*, No. 22-cv-1401, (D. 20).[2] The Court also sanctioned Kimbrell in the amount of the $400.00 filing fee and an additional amount of $500.00. *Id.* In the instant case, on June 18, 2025, the Plaintiff filed a Motion to Rescind the filing prohibition. (D. 37). On July 2, 2025, the Defendants filed a Response (D. 38), to which the Plaintiff filed a Reply. (D. 39). The matter is now fully briefed.[3]

## II

### A

As to the recension issue, the Plaintiff explains that the filing bar originated in a former case in which she had "attempted to file a RICO Complaint against all named defendants found on mortgage documents" but that many of the "named defendants did not exist" and that "Judge McDade stated plaintiff could not sue non existent defendants." (D. 37 at ECF p. 1). Plaintiff further states that she replied to Judge McDade, "'then if I can't sue them are the mortgage documents null and void' Court got mad dismissed the case, filed the prohibition and sanctions Feb 3, 2022. Time limit 2 years. Plaintiff could file to rescind. It has been over 3 years." *Id.* The Plaintiff further states that, contrary to the Defendants' position that "Plaintiff filed in CA to avoid the prohibition order", "Plaintiff filed as convenience for LLC defendants . . .." *Id.* at ECF p. 2. The Plaintiff further suggests in her Reply that the Defendants actions "are bordering on sanctionable frivolity under Federal Rule 11" and "reminds Defendants of their duty of candor to this Honorable Court." (D. 39 at ECF p. 7).

---

[2] After conferring with the Financial Administrator of the Clerk of Court, the Court confirmed that Plaintiff maintains an outstanding balance of $900.00 reflecting the unpaid sanctions.

[3] The Plaintiff's Motion to Rescind the filing prohibition currently before the Court is replete with argument and facts unrelated to the narrow filing prohibition issue and, instead, attempts to engage substantively with the allegations of the case. *See* (D. 37 & 39). The Court makes no comment on the facts of the instant case except for ruling on the Motion to Rescind.

However, as the Defendants point out in this case, the Plaintiff at least mistakenly misrepresents when the prohibition and sanctions were issued against her. (D. 38 at ECF p. 3-4). Plaintiff states in her Motion to Rescind that the prohibition at issue went into effect on February 3, 2022 (D. 37 at ECF p. 1); however, the Court actually issued the prohibition on February 10, 2023, more than a year later. *Kimbrell*, No. 22-cv-1401, (D. 20). In issuing the prohibition at issue in *Kimbrell*, the Court observed that the Plaintiff "has a 'history of meritless litigation'" and noted that the history "is even longer now than it was then, as those words were written before her latest volley of frivolous and repetitious filings". *Id.* at ECF p. 2-3. There, the Court walked through the long and sordid history of Plaintiff's encounters with state and federal tribunals. *See id.* at ECF p. 2-6. This case adds to that list. Moreover, as the Defendants contend, "Plaintiff's belated request to vacate the *Mack* bar is inconsistent with the purpose of the filing restriction" (D. 38 at ECF p. 4) because the restriction barred further filings from the Plaintiff until she paid all outstanding fees and sanctions or "until two years from the date of the Order", upon which "she may file a motion to modify or rescind the prohibition on filing." *Kimbrell*, No. 22-cv-1401, (D. 20 at ECF p. 10). Indeed, when this case was filed in the Central District of California—seemingly in an attempt to skirt the filing bar—and then transferred to the Central District of Illinois, the Plaintiff did not advise the Court that she was a restricted filer despite being obligated to do so, the Defendants did. *See* 06/09/2025 Minute Entry; *see also Isby-Israel v. Lemmon*, 674 F. App'x 569, 570 (7th Cir. 2017) ("Because he knew about our previous ruling, when he filed his current suit . . . [Plaintiff] was required to tell the district court that he had struck out.").

**B**

"A *Mack* order bans litigation until whatever is due (sanctions or unpaid filing fees) has been paid; the two-year clause is designed to afford the litigant an

3

opportunity for another look if there is a good reason—one other than obstinacy or a desire to file another frivolous suit—for nonpayment." *In re City of Chi.*, 500 F.3d 582, 585-86 (7th Cir. 2007). At bottom, there is no "good reason" here. In her Motion, despite having an outstanding file fee and sanction totaling $900.00, the Plaintiff makes no attempt to explain why she has not or is unable to pay the balance.[4] *See* (D. 37). Moreover, as this Court has previously discussed, the Plaintiff misstates—or attempts to mislead—the Court as to the date on which the filing prohibition was issued by more than a year and intimates that the prohibition would automatically terminate after such time lapsed, "Plaintiff Jody D Kimbrell requests court to rescind the prohibition that had a two-year limitation and allow her to file in this case." (D. 37 at ECF p. 3). That contention is inaccurate and "Plaintiffs who attempt to deceive federal judges, and evade their obligation to pay all required fees and costs, cannot expect favorable treatment on matters of discretion." *Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007). The Court in *Kimbrell* stated that, upon paying the outstanding fees or the passage of two years, the Plaintiff "may file a motion to modify or rescind the prohibition on filing." *Kimbrell*, No. 22-cv-1401, (D. 20 at ECF p. 10). That meant that the Court would revisit the issue to determine if there was a good reason to lift the prohibition. Accordingly, because the Plaintiff has not demonstrated any "good reason" as to why she has failed to pay the outstanding balance she owes in this District, in addition to the evidence suggesting the Plaintiff may be operating in bad faith, the Court denies the Motion to Rescind in this case. *In re City of Chi.*, 500 F.3d 582, 585-86 (7th Cir. 2007)

---

[4] In *Kimbrell*, Plaintiff's Motion to Proceed in forma pauperis discloses an income from eBay sales of $781 per month, rental income of $7,500 per year, $7,200 in cash or checking, and lists herself as an owner of townhouse lots in Peoria, IL, estimated at $400,000 in value. *Kimbrell*, No. 22-cv-1401, (D. 2 at ECF p. 1-2).

### III

For the reasons stated *supra*, the Plaintiff's Motion to Rescind (D. 37) is denied. The Plaintiff, Kimbrell, is barred from filing further civil suits in this District in accordance with *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995), and any papers she submits, with the exception of filings that protect her from imprisonment or other confinement, will be returned unfiled until she has paid all outstanding fees in her civil cases filed with this District and the full amount of monetary sanctions, or until one year from the date of this Order, whichever comes first. Upon the occurrence of either event, she may file a motion to modify or rescind the prohibition on filing. The Clerk is directed to close the case.

*It is so ordered.*

Entered on August 13, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE