IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KIMBRELL,
     Plaintiff,

v.

POIPU HOLDING, LLC et al,
     Defendant.

Case No. 1:25-cv-01147-JEH-RLH

**Order**

Now before the Court is the Plaintiff's Motion to Rescind (D. 46) and the Plaintiff's Motion for Hearing (D. 49).[1] For the reasons set forth *infra*, the Motion to Rescind (D. 46) is denied and the Motion for Hearing (D. 46) is moot.

**I**

Plaintiff, *pro se*, commenced this action in the Central District of California on January 12, 2025. (D. 1). On April 15, 2025, this case was transferred from the Central District of California to the Central District of Illinois. (D. 30). On June 11, 2025, with the case now proceeding in the Central District of Illinois, the Court noted that the Plaintiff had been previously barred "from filing further civil suits in this District" in accordance with an Order from another case that prohibited the Plaintiff from further filings until certain conditions were met. *See* 06/11/2025 Text Order (citing *Kimbrell v. Hous. & Urb. Dev.*, No. 22-cv-1401, (C.D. Ill. Feb. 10, 2023) (hereinafter "Kimbrell I"). In the case originally culminating in the Plaintiff's filing bar, *Kimbrell I*, the Court ordered that "any papers [Plaintiff] submits, with the exception of filings that protect her from imprisonment or other confinement,

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

will be returned unfiled until she has paid all outstanding fees in her civil cases filed with this District and the full amount of monetary sanctions, or until two years from the date of this Order, whichever comes first. Upon the occurrence of either event, she may file a motion to modify or rescind the prohibition on filing." *Kimbrell*, No. 22-cv-1401, (D. 20). The Court in *Kimbrell I* also sanctioned the Plaintiff in the amount of the $400.00 filing fee and for an additional amount of $500.00. *Id.*

Turning to the instant case, on June 18, 2025, the Plaintiff filed a Motion to Rescind the filing prohibition. (D. 37). The Court denied the Motion to Rescind and extended the prohibition on the Plaintiff's filings in accordance with *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). (D. 41). The Court ordered "any papers she submits, with the exception of filings that protect her from imprisonment or other confinement, will be returned unfiled until she has paid all outstanding fees in her civil cases filed with this District and the full amount of monetary sanctions, or until one year from the date of this Order, whichever comes first." (D. 41). On August 27, 2025, the Plaintiff paid the outstanding court fee and sanction in the amount of $900.00. *See* 09/18/2025 Remark. Following that payment, Plaintiff filed a second Motion to Rescind the filing bar on September 17, 2025 (D. 46), to which the Defendant filed a Response on October 1, 2025 (D. 47). The Plaintiff filed a Reply to the Defendant's Response on October 1, 2025, and also filed a Motion for Hearing. (D. 48 & 49). The matter is now fully briefed.

## II

"When administering *Mack* orders, [the] Court does not automatically vacate a bar after two years." *Reed v. PF of Milwaulee Midtown, LLC*, 16 F.4th 1229, 1232 (7th Cir. 2021). Instead, the barred party must satisfy two requirements. First, the "litigant must have paid what he or she could, even if not the whole amount." *Id.* Second, the "litigant must demonstrate that he or she will desist from frivolous

suits and contentions." *Id.* In this case, while the Plaintiff has paid the outstanding fees and sanctions, she has not demonstrated that she will "desist from frivolous suits and contentions." As such, the Court denies the Plaintiff's Motion to Rescind the filing prohibition for the reasons discussed below.

In issuing the original filing prohibition against the Plaintiff that carried over into the instant case, the Court observed that the Plaintiff "has a 'history of meritless litigation'" and noted that it "is even longer now than it was then, as those words were written before her latest volley of frivolous and repetitious filings related to yet another state-court foreclosure judgment with which she was dissatisfied." *Kimbrell v. Hous. & Urb. Dev.*, No. 22-cv-1401, (C.D. Ill. Feb. 10, 2023) (D. 20 at ECF p. 2-3). There, the Court walked through the long and sordid history of Plaintiff's encounters with state and federal tribunals. *See id.* at ECF p. 2-6. In moving to the instant case, the Defendants note that "Plaintiff filed this action—an action seeking to adjudicate a purported cloud on the title of real estate situated within this District—in the Central District of California" (D. 38 at ECF p. 4), and when it was transferred to this District, the Plaintiff "did not advise the Court that she was a restricted filer despite being obligated to do so, the Defendants did." (D. 41 at ECF p. 3); *see also Isby-Israel v. Lemmon*, 674 F. App'x 569, 570 (7th Cir. 2017) ("Because he knew about our previous ruling, when he filed his current suit [Plaintiff] was required to tell the district court that he had struck out."). After the Plaintiff's filing status was brought to the Court's attention, the Court directed the Plaintiff to comply with the Court's Order in *Kimbrell I* which instructed the Plaintiff to file a Motion to Modify or Rescind the filing bar upon its conditions being met. *See* 06/11/2025 Text Order. The Court warned the Plaintiff that if she did not, the case would be dismissed without prejudice. *Id.* However, instead of complying with the Court's Order, the Plaintiff filed a Motion to Rescind that was devoid of any representation that she paid or attempted to pay her outstanding

fees and that lacked any good faith basis for its repeal aside from arguing the bar was merely put in place because the "Court got mad dismissed the case, filed the prohibition and sanctions Feb 3, 2022."[2] *See* (D. 37). In looking to the Plaintiff's Reply to the Defendants' Response in opposition to her original Motion to Rescind, the Court found further evidence indicating she was operating in bad faith. The Plaintiff claimed the "Defendents' could have taken 10 minutes to access each case listed, would have found Plaintiff was not sanctioned or owed any fees." (D. 39 at ECF p. 5). But, as the Court's investigation later corroborated, the Plaintiff did in fact owe an outstanding sanction and court fee. (D. 41 at ECF p. 2 n. 2). Indeed, at the same time the Plaintiff made false claims about her outstanding balance in the Central District, she was claiming the Defendants' conduct was "bordering on sanctionable frivolity under Federal Rule 11" and "remind[ing] Defendants of their duty of candor to this Honorable Court." (D. 39 at ECF p. 5 & 7). Therefore, among other reasons, the Court issued its Order denying the Plaintiff's Motion to Rescind (D. 37) and made note of the fact that the "Plaintiff makes no attempt to explain why she has not or is unable to pay the balance" and "misstates—or attempts to mislead—the Court" as to the nature of the filing bar. (D. 41 at ECF p. 4).

After the Court denied the Plaintiff's first Motion to Rescind on August 13, 2025, the Plaintiff paid the sanction and fees on August 27, 2025.[3] *See* 09/18/2025 Remark. Thereafter, the Plaintiff filed a second Motion to Rescind (D. 46). The basis for the second Motion to Rescind is that the Plaintiff has now paid the outstanding

---

[2] The filing prohibition was issued on February 10, 2023. *Kimbrell v. Hous. & Urb. Dev.*, No. 22-cv-1401, (C.D. Ill. Feb. 10, 2023) (D. 20). Plaintiff repeatedly misrepresents the date the original filing restriction was put in place.

[3] The Court notes the Plaintiff's swift payment of the filing fee only upon the Court's denial of the Motion to Rescind despite the Plaintiff failing to make any payment on her outstanding balance in the more than two years that have passed since the filing bar was first issued.

4

fees and that the "February 3, 2022 order demanded $400 filing fee and $500 sanctions be paid before Plaintiff could file into court with 2 years wait which was misunderstood but has since been explained by the court."[4] In other words, based "solely upon her belated payment of fees and sanctions, Plaintiff now requests the Court rescind the filing restrictions imposed upon her and reopen this case." (D. 47 at ECF p. 2). That alone is not enough. In addition to paying the outstanding balance, the "litigant must demonstrate that he or she will desist from frivolous suits and contentions." *Reed*, 16 F.4th at 1232. She has not. Plaintiff in this case failed to bring the bar to the Court's attention, denied she owed outstanding fees, accused opposing counsel of misconduct, and may have attempted to mislead the Court as to the nature of the bar and whether she owed outstanding fees in the District. Only after the Court denied the Plaintiff's first Motion to Rescind did she make any attempt to pay the outstanding fees she owed. "Plaintiffs who attempt to deceive federal judges, and evade their obligation to pay all required fees and costs, cannot expect favorable treatment on matters of discretion." *Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007). Contrary to demonstrating that Plaintiff will desist from frivolous suits and contentions, Plaintiff's conduct suggests she is likely to continue in the same pattern of vexatious litigation that led to this juncture. Even before the Court issued its decision as to the Plaintiff's second Motion to Rescind (D. 46), and with the filing bar still in place, the Plaintiff began filing additional motions in contravention of the filing bar. For example, on October 1, 2025, the Plaintiff filed a document titled "PLAINTIFF'S RESPONSE TO 22-1401 COURT SERVICE TO 714 S EDDLEMON RD HANNA CITY IL" asking the Court to "take notice of clerk of the court return service, in record #32

---

[4] As the Court's Order previously admonished the Plaintiff in denying the first Motion to Rescind, the filing prohibition was issued on February 10, 2023, not February 3, 2022. (D. 41 at ECF p. 2-3).

sent to the address of the reason 22-1401 was filed."[5] (D. 49). This "Response" does not even appear to relate to the instant case, but instead appears to be an attempt to relitigate the issues arising out of *Kimbrell I*, a case that has been closed for more than two years. *See id.* Indeed, the Court takes judicial notice of the fact that, in *Kimbrell I*, the Plaintiff has similarly begun filing frivolous Motions to Rescind the final judgment issued in that case from February 13, 2023 (D. 22). Perplexingly, the Plaintiff also filed a Response (D. 24) to her *own* Motion to Rescind, all before the Court has issued any decision as to whether the Plaintiff's filing bar should be rescinded. *Kimbrell v. Hous. & Urb. Dev.*, No. 22-cv-1401, (C.D. Ill. Feb. 10, 2023) (D. 22 & D. 24).

From these filings, it is clear that the Plaintiff does not appreciate the Court's repeated admonitions in its Orders regarding frivolity and candor. Time and again Plaintiff attempts to litigate disputes over real property that appear to have no merit whatsoever. In *Kimbrell I*, the Court aptly expressed its frustration with the Plaintiff's "frivolous and repetitious filings related to yet another state-court foreclosure judgment with which she was dissatisfied." *Kimbrell v. Hous. & Urb. Dev.*, No. 22-cv-1401, (C.D. Ill. Feb. 10, 2023) (D. 20 at ECF p. 2-3). In this case, the Court expresses similar frustration as the Plaintiff continues to file lawsuits—on the same topic as the original filing bar—relating to disputes over real property located in Peoria, Illinois. (D. 30 at ECF p. 1). Simply put, the Plaintiff has not demonstrated that she will desist from frivolous suits and contentions. *See Reed*, 16 F.4th at 1232. For that reason, the Court denies the Motion to Rescind (D. 46) and warns the Plaintiff that she "must understand that continued frivolous suits and contentions will lead to a new bar order." *Id.*

---

[5] The Court notes that "22-1401" is Plaintiff's apparent reference to the original case resulting in the filing bar against her, *Kimbrell I. See Kimbrell v. Hous. & Urb. Dev.*, No. 22-cv-1401, (C.D. Ill. Feb. 10, 2023) (D. 20 at ECF p. 2-3).

## IV

For the reason set forth *supra*, the Plaintiff's Motion to Rescind (D. 46) is denied and the Motion for Hearing (D. 49) is moot. The Plaintiff, Kimbrell, is barred from filing further civil suits in this District in accordance with *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995), and any papers she submits, with the exception of filings that protect her from imprisonment or other confinement, will be returned unfiled until one year from the date of this Order. Upon the passage of such time, she may file a motion to modify or rescind the prohibition on filing.  The Clerk is directed to maintain the status of this case as closed.

*It is so ordered.*

Entered on October 14, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE